609 P.2d 652

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jerry MORRIS, Defendant-Appellant.**

**No. 12400.**

Supreme Court of Idaho.

April 15, 1980.

Gerald L. Weston of Gigray, Miller, Downen & Weston, Caldwell, for defendant-appellant.

David H. Leroy, Atty. Gen., and Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Defendant-appellant Jerry Morris was charged by information with robbery. After trial to a jury Morris was found guilty and sentenced to 10 years' imprisonment, the sentence to run consecutively with a previous sentence for another offense.

At trial, the state called 2 witnesses, Timothy and Christina Ashby. Both testified that on the evening of December 20, 1975,

they and their daughter were at home with a visitor. At approximately 7:00 p. m. there was a knock on the door, and two persons burst into the room, both carrying shotguns and disguised by nylon stockings drawn over their heads. The assailants ordered the Ashbys and their guest to lie on the floor, took money from their wallets, then destroyed a television and departed. Both also testified that they immediately recognized defendant-appellant Morris as one of the assailants because both had known him for at least 10 years. In fact, Christina Ashby testified that she at first did not believe that the encounter was serious, since she felt that Morris must have known that she and her husband would recognize him at once.

Morris offered the defense of alibi. He stated that at the time of the incident he was at the Iron Hand bar in Nampa with two individuals, John Wickersham and Chester Swan. Wickersham testified for the defense that he was at the bar on the night in question and that he talked with the appellant during the time at which the incident was alleged to have occurred. Wickersham is blind, but he testified that he was capable of recognizing appellant by his voice. Swan did not testify at trial.

After the trial and conviction appellant filed an application for post-conviction re-

lief and a motion for a new trial, both of which were denied. Morris then filed timely notice of appeal.[1]

Morris first argues that insufficient evidence was offered to support the jury's verdict. We cannot agree. The state's two witnesses positively identified Morris as the person who kicked down the door of their apartment, subdued them at gunpoint, took money from them after threatening bodily harm, effected further property damage, and then fled. Morris' alibi testimony was, of course, also competent; but "[w]here there is competent although conflicting evidence to sustain the verdict, this court cannot reweigh that evidence or disturb the verdict." *State v. Cotton,* 100 Idaho 573, 575, 602 P.2d 71, 73 (1979); *State v. Froelich,* 96 Idaho 685, 535 P.2d 658 (1975). The jury chose to believe the state's witnesses and to disbelieve Morris' alibi defense; we cannot say as a matter of law that their doing so was error. The judgment of conviction is thus affirmed.

Morris also appeals from the trial court's denial of his motion for a new trial, made pursuant to ICR 33[2] and I.C. § 19–2406(7)[3] and based on newly discovered evidence. The motion is based on Morris' dis-

1. After conviction, Morris filed a notice of appeal to this court. During the pendency of this appeal he filed a motion for new trial, and, to comply with the requirements for such a motion, moved for a remand of his appeal. His motion was granted. He also filed an application for post-conviction relief. After the district court denied both the motion and the application, Morris renewed his appeal to this court, from the conviction and from the denial of the later motion and application.

2. "Rule 33. New trial.—The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If the trial was by court without a jury the court on motion of a defendant for new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any

other ground shall be made within ten (10) days after verdict or finding of guilt or within such further time as the court may fix during the ten (10) day period."

3. 19–2406. "Grounds for new trial.—When a verdict has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:

. . . . .

7. When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly-discovered evidence, the defendant must produce at the hearing in support thereof the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable."

covery, subsequent to trial, that the bartender at the Iron Hand would testify as to his presence there "early in the evening" on the night of the alleged incidents; that this evidence is "material" to his defense, and that "he could not with reasonable diligence have discovered and produced [it] at the trial," I.C. § 19–2406(7); and that a new trial is therefore "required in the interest of justice." I.C.R. 33.

The trial court ruled, *inter alia*, "that the Defendant has not made a proper showing of due diligence on his part in discovery of the [new] evidence," and we agree. The defense may not, of course, be unduly relaxed in its search for evidence and expect any deficiencies to be remedied with a motion for a new trial. Defendant claimed that he was at a bar at the time of the alleged incidents. A duly diligent search for corroboration of this claim would at least encompass the employees of the establishment where the person claims to have been; and neither defendant's motion for a new trial, nor any other portion of the record suggests any reason why the bartender's testimony was unavailable to defendant prior to trial. Absent such a showing, we must affirm the denial of the motion for a new trial.

Finally, Morris argues that the trial court erred in denying his application for post-conviction relief. The motion was made pursuant to I.C. § 19–4901(a)(1) and (4) which state that a person may file an application for post-conviction relief if it is claimed:

"(1) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state;

. . . . .

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice; . . ."

If the court agrees with the applicant's claims it may enter an "appropriate order with respect to the conviction or sentence," or take other actions which are "necessary and proper." I.C. § 19–4907(a).

The "material facts, not previously presented and heard," according to Morris, include the testimony of the bartender discussed above, and that of Chester Swan, who states in his affidavit that he met Morris and John Wickersham at the Iron Hand bar on "a Saturday night," that he is unable to recall the exact date because of lapse of time, and that he spent about two hours with Morris and Wickersham in the early evening at the bar.

Morris also claims that he was denied the effective assistance of counsel, in contravention of the sixth amendment to the United States Constitution, and of Art. I, § 13 of the Idaho Constitution. First, he points to inconsistencies between the description of the perpetrators of the crime which the Ashbys and their guest gave to the police shortly after the crime allegedly occurred, and the description offered by the Ashbys at trial. In particular, Morris notes discrepancies in their descriptions of the type of coats being worn by the intruders, of the type of guns they carried, and in whether the intruders were wearing gloves. Morris' counsel at trial failed to cross-examine the Ashbys on these points, and Morris claims that to have done so would have seriously damaged their credibility in the eyes of the jury. Second, the claim of lack of effective assistance of counsel is based on the trial attorney's failure to procure at trial the testimony of Chester Swan and the bartender at the Iron Hand bar, or to request a continuance until they could be present. Morris has since discharged trial counsel, and is represented by a different attorney on this appeal.

In denying the application the trial court had before it the parties' briefs, and the transcript of the earlier proceedings. After hearing the arguments of counsel the district court denied the application on the grounds that the allegedly new evidence was known to the defendant at the time of trial, but that he made no motion for a continuance based upon its unavailability; that the new evidence was merely cumulative and impeaching at most; and that the

defendant had not made a showing of due diligence on his part in attempting to discover the new evidence prior to trial. The trial court's order does not discuss the claim of ineffective assistance of counsel.

We reverse the trial court's denial of the application for post-conviction relief, and remand for further proceedings, because the trial court's order does not address Morris' claim that he was denied effective assistance of counsel at trial. The hearing provided for by the Uniform Post Conviction Relief Act contemplates the receipt of pleadings and evidence followed by findings of fact and conclusions of law. In the words of the act, "[t]he court shall make specific findings of fact, and state expressly its conclusions of law, *relating to each issue presented.*" I.C. § 19–4907(a) (emphasis added). Without a specific statement by the trier of fact detailing what facts are found to be true, and what conclusions of law are reached, this court is severely hampered in its assessment of defendant's appeal. Decisions relating to trial tactics and strategies, as we have noted elsewhere, will not be second-guessed by this court on appeal absent unusual circumstances. *State v. Perez*, 99 Idaho 181, 579 P.2d 127 (1978). But in this case we are unable to ascertain whether the trial court actually considered the very serious claim of ineffectiveness of trial counsel.

We also noted there is before this court a motion for augmentation of the record, made by the state, which includes an affidavit of Morris' trial counsel explaining his representation of Mr. Morris. The district court's order denying the application lists the evidence on which it relied, and since this affidavit was not made until almost a year later it is of course not included. We deny this motion to augment made long after° the post-conviction proceeding was submitted to the court. The proper procedure would have been for the state to include the affidavit as part of its response to the application, pursuant to I.C. § 19–4906(a), thus offering the defendant the opportunity to respond, whether by actual examination of the affiant, or by filing an affidavit in response or by other pleading or evidence. As it is, perhaps the most crucial element of evidence relating to the charge of ineffective assistance of counsel was offered for the first time as an augmentation to the record on appeal. Of course, when trial counsel's conduct of the proceedings is cast in question he has the right to respond to the charges, and the lawyer-client privilege does not hinder this self-defense. *State v. Tucker*, 97 Idaho 4, 12, 539 P.2d 556, 564 (1975). But that evidence should be offered at the hearing on the application for post-conviction relief itself, where it is subject to the scrutiny afforded by the fact-finding posture of that forum. This motion to augment is denied.[4]

In summary, then, we reject appellant's claim that insufficient evidence supported the verdict of the jury, and we affirm the district court's denial of his motion for a new trial. However, we reverse, the denial of appellant's application for post-conviction relief, and remand for a rehearing and order consistent with this opinion.

DONALDSON, C. J., BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem., concur.

---

4. The court minutes, and the text of the district court's order state that the matter came on for "hearing," yet it appears that nothing more was considered at this hearing than the arguments of counsel. While the abbreviated state of the order does not allow us to be sure, this disposition of the case may have amounted to little more than judgment on the pleadings. If so, the district court was also in error for non-compliance with the procedural requirements of I.C. § 19·4906(b).