620 P.2d 792

**Roy Lyn WATKINS, Plaintiff–Appellant,**

v.

**STATE of Idaho, Defendant–Respondent.**

**No. 13393.**

Supreme Court of Idaho.

Dec. 17, 1980.

Barry E. Watson, Wallace, for plaintiff–appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Leslie L. Goddard, Deputy Attys. Gen., Boise, for defendant–respondent.

## PER CURIAM.

This is an appeal from a dismissal of a petition for post–conviction relief. We affirm.

Petitioner Watkins was charged with murder in the first degree and kidnapping in the second degree. The kidnapping charge was dismissed and the murder charge reduced to murder in the second degree, to which Watkins pled guilty. He was sentenced to an indeterminate period not to exceed twenty–five years.

Approximately eighteen months thereafter Watkins, through counsel, filed a petition for post–conviction relief. That petition alleged that the sentence of twenty–five years constituted cruel and unusual punishment and hence was violative of Watkins' constitutional rights, and also alleged that at the time of the homicide Watkins had ingested a prescription drug and large amounts of alcohol, which in combination deprived him of the mental capacity to distinguish between right and wrong or to control his actions.

The trial judge gave notice of his intent to dismiss the post–conviction proceeding and extensively detailed his reason therefor. I.C. § 19–4906. No response or reply to said notice of intent to dismiss was received within the time permitted by statute and thereafter the trial court dismissed the petition for post–conviction relief.

It is clear that the procedure utilized by the trial judge in the instant case is authorized by statute. *Id.* Here, the petition of Watkins, taken together with the record, indicates that the applicant was not entitled to post–conviction relief.

It is well established that a sentence within statutory limits is not cruel and unusual punishment. *State v. Chaffin*, 92 Idaho 629, 448 P.2d 243 (1968). The sentence here was within the statutory limit. I.C. § 18–4004. Further, the record of the sentencing hearing adequately indicates an almost lifetime pattern of violent physical behavior. The record further indicates the sentencing court's consideration of three psychiatric reports submitted to the sentencing court. One of those psychiatrists was selected by the prosecution, one by the court, and the third selected by the defense. Those reports likewise detail the prior physical violence of the defendant, his lack of remorse about the instant crime and all diagnose him as having a chronic, severe, explosive personality with strong sociopathic characteristics, together with habitual, chronic and severe alcoholism. We find no violation of any constitutional rights of the defendant in the imposition of the sentence of twenty–five years.

Concerning Watkins' remaining assertion of error, we note initially that Watkins, in response to the charge, interposed a defense of mental illness. As aforesaid, psychiatrists were appointed to examine Watkins and thereafter an extensive hearing was held on the question of mental illness. Each of the three psychiatrists testified at such hearing and each noted during the testimony that Watkins had contended that prior to the time in question he had ingested a prescription drug, together with quantities of alcohol. At no time during that extensive hearing were any of said psychiatrists questioned specifically concerning the alleged interaction of the prescription drug with alcohol.

No direct appeal was taken by Watkins from his conviction or from his sentence. The mental capacity of a defendant is one of the necessary elements to sustain a criminal conviction and may be challenged on appeal. Here, Watkins, with the assistance of counsel, entered a plea of guilty to the reduced charge of second degree murder and thereby admitted all of the necessary elements thereof. The trial judge could assume that, as alleged in the petition for post–conviction relief, Watkins had indeed ingested the prescription drug, together with quantities of alcohol. Nevertheless, the record demonstrated a hearing on the mental illness and competency question, the trial judge's ruling adverse to the defendant and the subsequent plea of guilty entered by Watkins. As to this aspect of Watkins' petition, the matters alleged therein were those which could and should have been raised by appeal rather than by post–conviction relief. The post–conviction procedure act cannot be used as a substitute for appeal. *Dionne v. State*, 93 Idaho 235, 459 P.2d 1017 (1969).

The order dismissing the petition for post–conviction relief is affirmed.

BISTLINE, Justice, concurring specially.

The Court's opinion fully and fairly disposes of the contentions which Watkins may have raised on his *pro se* appeal. The fact that Watkins' appeal was taken *pro se* in itself raises an issue which the Court, *sua sponte*, should at least consider and comment upon.

As our opinion shows, Watkins had counsel when he entered his guilty plea and when he was sentenced. Eighteen months later he had counsel when he initiated his post–conviction relief proceeding. And, as our opinion shows, his counsel did not respond to the trial court's notice of intent to summarily dismiss–based upon that court's well stated reasons and grounds for doing so. At that point in time, so far as the appeal record shows, Watkins' counsel apparently went dormant. The trial court allowed a considerable amount of time beyond the 20 day notice, and nothing appears to have been filed on Watkins' behalf, nor was the court notified that there would be no filing. In time, pursuant to the notice, the post–conviction proceeding was dismissed.

Watkins then, acting on his own, initiated an appeal, apparently aided by another inmate who titled himself as a Paralegal Law Clerk. On filing his notice of appeal Watkins petitioned for leave to proceed in *forma pauperis*, setting forth his incarceration and indigency, and declaring that "Because of my poverty, I am unable to . . . employ an attorney."

At that point there was either a shortcoming in the procedures of this Court or of the trial court. I.C. § 19–853(b), § 19–4904 and § 19–4909 clearly require that Watkins should have been informed of his right to counsel and of the right of a needy person to be represented by an attorney at public expense. Not so clear as applied to an appeal from a post–conviction proceeding is that portion of the statute placing the burden of so advising the indigent defendant on "the presiding officer." For certain, however, Watkins was not advised as required.

Under this state of the record, although I concur in the opinion of the Court, I cannot help but conclude that the proceedings we review and affirm are not with prejudice to any further proceedings which Watkins may undertake.