700 P.2d 115

Cyrus E. MAXFIELD, Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 15035.

Court of Appeals of Idaho.

April 30, 1985.

494

Raymond B. Littlefield, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for respondent.

SWANSTROM, Judge.

In 1981 Cyrus Maxfield, a naturopathic physician, was convicted by a jury on twenty-one counts ranging from possession of a controlled substance with intent to deliver to involuntary manslaughter. Maxfield then entered a plea of guilty to a charge of being a persistent violator of the law. He was sentenced on all twenty-one counts, but he appealed only the manslaughter conviction.

On July 17, 1981, while his appeal was still pending, Maxfield filed a petition for post-conviction relief in district court. He alleged solely that his "conviction[s] and incarceration were unlawful and unconstitutional" because his persistent violator status was impermissibly based on what he claimed was an invalid 1969 felony conviction in the State of Washington.

The case was initially assigned to District Judge Gerald Schroeder. He filed a memorandum opinion and order denying Maxfield's petition for post-conviction relief. In the meantime, Maxfield filed a supplemental petition in January 1982, challenging his Idaho convictions. Judge Schroeder, however, disqualified himself from determining the claims made in the supplemental petition because he had issued one of the search warrants challenged in that petition. The case was then assigned to District Judge Robert Newhouse, who issued a decision on April 15, 1983 denying the supplemental petition in toto. Maxfield then filed this appeal.

In May 1983, perturbed by what he perceived to be an inordinate delay in the Idaho state appellate process, Maxfield filed a petition for a writ of habeas corpus in federal district court. The state opposed the petition on the ground that Maxfield had not exhausted his state remedies. The state pointed out that no opinion had yet issued in either of Maxfield's appeals. A federal magistrate determined that the delay in the Idaho appellate process justified proceeding with the hearing on the petition for habeas corpus. Shortly after this determination, we issued our opinion on Maxfield's first appeal, affirming his manslaughter conviction. *State v. Maxfield*, 106 Idaho 206, 677 P.2d 519 (Ct.App.1984). No petition for review was filed in the Idaho Supreme Court. On September 14, 1984, a second federal magistrate issued an opinion recommending that the petition for a writ of habeas corpus be denied. Thereafter, on February 22, 1985, the federal district court accepted the magistrate's recommendation and denied the writ. We reach the same result here. We now affirm the state district court decisions deny-

ing Maxfield's petitions for post-conviction relief.

Maxfield's appeal has given us numerous issues to review. First, he contends that the state district court did not discuss or specifically determine each issue raised by the supplemental petition for post-conviction relief as required by I.C. § 19–4907(a). Second, he argues that inadequate and ineffective assistance of counsel deprived him of the right to a fair trial. Third, he maintains that his guilty plea to the persistent violator charge was invalid. Fourth, he argues that the Idaho Medical Practice Act, I.C. § 54–1801 et seq., is unconstitutional on its face and as it is applied to naturopathic physicians. Fifth, he argues that the search warrant and the arrest warrant were unlawfully executed. Sixth, he contends that the search warrant was insufficient under the standards of the fourth amendment to the United States Constitution. Seventh, he argues that his conviction for unlawfully assuming the title of a licensed medical doctor was invalid. Eighth, he contends that his conviction for obtaining money under false pretenses was also invalid. Ninth, he argues that his conviction for involuntary manslaughter was invalid and unconstitutional. We review each of these points.

## I

We will first discuss whether the district court erred in failing to determine each claim raised by Maxfield in his supplemental petition. Idaho Code § 19–4907(a) provides in part: "If the court finds in favor of the applicant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings. ... *The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented.*" (Emphasis added.) In *State v. Morris,* 101 Idaho 120, 609 P.2d 652 (1980), the trial court denied a petition for post-conviction relief, but failed to address the petitioner's claim of ineffective assistance of counsel. On appeal, our Supreme Court stated the general rule that "[w]ithout a specific statement by the trier of fact detailing what facts are found to be true, and what conclusions of law are reached, [an appellate court] is severely hampered in its assessment of [the petitioner's] appeal." *Id.* at 124, 609 P.2d at 656. The court then professed an inability "to ascertain whether the trial court actually considered" the serious claim of ineffective assistance. Accordingly, the case was reversed and remanded for further proceedings.

After carefully examining Maxfield's two petitions for post-conviction relief, and the opinions and orders of the two district court judges, we conclude that some of the claims made by Maxfield in his supplemental petition were indeed neglected in the opinion denying that petition. The threshold questions are whether such neglect requires a reversal in every case and, if not, under what circumstances may we affirm. The purpose behind the requirement in I.C. § 19–4907(a), that the trial court make specific findings of fact and expressly state its conclusions of law on each issue, is to afford the appellate court an adequate basis upon which to assess any appeal arising from the denial of a petition for post-conviction relief. *See State v. Morris, supra; see also* ABA STANDARDS RELATING TO POST–CONVICTION REMEDIES § 4.6, at 78 (1968). This is the same purpose as that behind the rule requiring findings of fact in other civil cases. *See* I.R.C.P. 52(a); *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). *See also* I.C.R. 57(b). Accordingly, we hold that under I.C. § 19–4907(a), as under I.R.C.P. 52(a), "[t]he absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.,* 103 Idaho at 225, 646 P.2d at 996 (emphasis original). The failure of the trial court to make specific findings and state its conclusions thus does not *necessarily* require reversal. We therefore will examine each neglected claim under the *Pope* standard to deter-

mine whether the district court committed reversible error.

## A

The first claim neglected by the district court concerns the validity and constitutionality of Maxfield's involuntary manslaughter conviction. The court stated only that "[t]he petitioner challenges twenty of the twenty-one counts. The twenty-first count is ... on appeal." The district court apparently believed that the appeal of the manslaughter conviction pending before this court at that time absolved it of the duty or deprived it of the right to determine the claim. Without resolving the district court's dilemma, we hold that the record is clear and yields obvious answers to the relevant questions. Maxfield attacks the validity of this conviction on four grounds: (1) he, as a naturopathic physician, was selectively prosecuted by the state in violation of the constitution; (2) the state failed to prove beyond a reasonable doubt that his treatment of the patient *caused* the death; (3) the court which tried him lacked jurisdiction since the death occurred in Oregon; and (4) because of ineffective assistance of counsel he was deprived of the opportunity to have medical experts testify in his defense to the charge of manslaughter.

■■ We note that the district court *did,* in fact, make findings and state its conclusions on the claim of selective prosecution. As for the merits of this claim, we find no evidence that Maxfield was singled out for prosecution by the State of Idaho. Maxfield is "required to show that the [state] selected [him] from a larger group of non-prosecuted alleged violators because of [his] exercise of a constitutional right." *See United States v. Taylor,* 693 F.2d 919, 923 (9th Cir.1982) (footnote omitted). "He must show that the selection was deliberately based on an unjustifiable standard." *United States v. Wayte,* 710 F.2d 1385, 1387 (9th Cir.1983). Naturopathic physicians in Idaho are the larger group of nonprosecuted alleged violators identified by Maxfield. At one point during the hearing on post-conviction relief, Maxfield testified as follows:

A. .... So therefore, I feel if I am arrested for practicing medicine without a license, they [naturopaths in Idaho] all should be.

Q. But you would agree with me that others, in fact, may have been prosecuted besides yourself?

A. Selective, yes.

By Maxfield's own testimony, therefore, he is not the only naturopath to have been prosecuted in Idaho. Simply because the state does not prosecute *all* similarly situated persons does not make out a case for unconstitutional selective prosecution. We hold Maxfield failed to carry his burden.

■■ Second, we have already discussed Maxfield's contention, in our opinion on his appeal from the involuntary manslaughter conviction, that the state failed to prove a causative relationship between his treatment and the patient's death. *See State v. Maxfield,* 106 Idaho 206, 677 P.2d 519 (Ct.App.1984). We held that there was sufficient evidence to prove causation. We need not reiterate our reasoning here. Third, the venue of a prosecution for homicide is proper either in the county where the cause of death is inflicted or in the county where death ensues. *State v. Johnson,* 222 Kan. 465, 565 P.2d 993 (1977). Maxfield thus cannot prevail on his contention that the district court lacked jurisdiction to try, convict and sentence him on the charge of involuntary manslaughter. We will discuss Maxfield's fourth ground for setting aside his manslaughter conviction— ineffective assistance of counsel—later in this opinion.

## B

The next claim neglected by the district court involves Maxfield's conviction on two counts of obtaining money under false pretenses, I.C. § 18–3101. Count XVII of the prosecutor's information alleged that Maxfield received payment from a woman for certain ineffective pills he dispensed to her after telling her the pills would immunize her child from a variety of illnesses.

Count XVIII alleged that Maxfield charged another woman a treatment fee after falsely representing to her that she had cancer when he knew that she did not. Maxfield argues that he was convicted improperly because he was held to the standard of practice of a medical doctor, not a naturopath. He further alleges that the state failed to meet its burden of proof concerning the element of fraud in the crime of obtaining money under false pretenses.

Maxfield's first argument is frivolous. We can understand why the district court did not discuss it. Our response is, of course, that it matters not whether the defendant is a naturopathic physician or a medical doctor. "False," as used in I.C. § 18-3101, means "contrary to fact or truth; without grounds; incorrect." *See* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 473 (1981); *see also State v. Larsen,* 76 Idaho 528, 286 P.2d 646 (1955); *State v. Barr,* 63 Idaho 59, 117 P.2d 282 (1941). No special dispensation can be awarded certain people to make knowingly false statements. Falsity is a constant—what is false to one person, cannot by definition, be true to another. The standard for determining the veracity of a representation does *not* vary from profession to profession. A fact is either true or it is not. The evidence in the record of the trial is sufficient to show that Maxfield knowingly made false statements in order to prescribe—and collect a fee for—an "immunization" and a "cure," both of which were unquestionably ineffective. Maxfield's first contention is without merit.

Second, the question of whether the state met its burden of proof on counts XVII and XVIII is a question which could and should have been raised on direct appeal from Maxfield's convictions. *See Watkins v. State,* 101 Idaho 758, 620 P.2d 792 (1980). "The post-conviction procedure act cannot be used as a substitute for appeal." *Id.* at 760, 620 P.2d at 794; *see also* I.C. § 19-4901(b); *Dionne v. State,* 93 Idaho 235, 459 P.2d 1017 (1969). Generally, post-conviction relief cannot "be used to correct mere errors or irregularities in the proceedings of a trial court which are not jurisdictional and which, at the most, render a judgment merely voidable." 39 Am. Jur.2d, HABEAS CORPUS § 30 (1968). It is, however, available "to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment, even though these errors could have been raised on appeal." *Smith v. State,* 94 Idaho 469, 474-75, 491 P.2d 733, 738-39 (1971). Clearly, Maxfield is attempting to use the post-conviction procedures act as a substitute for a direct appeal from his convictions of counts XVII and XVIII. This, he cannot do. In fact, in this proceeding he has pointed to no deficiencies in the proof the state submitted at trial on these counts. We will not reverse the denial of his petition for post-conviction relief because the district court failed to discuss this issue.

### C

A third claim neglected by the district court, although raised by Maxfield in his supplemental petition for post-conviction relief, concerns his conviction for the "unlawful assumption of title" of a licensed medical doctor. *See* I.C. § 54-1804(3). In his supplemental petition, Maxfield challenges only the sufficiency of the evidence to sustain his conviction on this charge. Again, this claim is one which could and should have been raised on direct appeal. We will not address it on a petition for post-conviction relief. In his brief on appeal, however, Maxfield appends a challenge to the constitutionality of I.C. §§ 54-1802, -1803, -1804 onto this claim. The district court *did* discuss the constitutionality of I.C. § 54-1803. Noting that our Supreme Court had upheld this statute in *State v. Kellogg,* 102 Idaho 628, 636 P.2d 750 (1981), the district court held that trial counsel's failure to challenge its constitutionality did not amount to ineffective assistance of counsel. This was so even in light of the fact that the Supreme Court's decision was rendered after Maxfield's first trial. Since the constitutionality of the Ida-

ho Medical Practice Act, specifically I.C. §§ 54–1802, –1803 and –1804, is well-settled, we will not belabor the point. *Id.* *See also State v. Maxfield,* 98 Idaho 356, 564 P.2d 968 (1977); *Eatough v. Albano,* 673 F.2d 671 (3rd Cir.1982), *cert. denied,* 457 U.S. 1119, 102 S.Ct. 2931, 73 L.Ed.2d 1331 (1982); *Idaho Association of Naturopathic Physicians, Inc. v. United States Food and Drug Administration,* 582 F.2d 849 (4th Cir.1978); *Aitchison v. State,* 204 Md. 538, 105 A.2d 495 (1954), *cert. denied,* 348 U.S. 880, 75 S.Ct. 116, 99 L.Ed. 692 (1954). Therefore, the denial of Maxfield's petition need not be reversed merely because the district court failed to discuss this claim.

### D

■■■■ The final issues not discussed by the district court concern Maxfield's arrest and the search of his office. He contends that neither the arrest nor the search was accomplished by officials authorized by statute to do these acts. Furthermore, he maintains that the search warrant was not supported by probable cause and was overly broad. We have noted that the remedy of post-conviction relief is not a substitute for an appeal. *See* I.C. § 19–4901(b); *Dionne v. State, supra.* The failure to suppress evidence allegedly illegally seized is not fundamental error which may be cured in a post-conviction relief proceeding even though the error could have been, but was not, raised on direct appeal. *See Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); 39 Am. Jur.2d, HABEAS CORPUS § 30 (1968). An allegedly illegal arrest is likewise not fundamental error. There are no allegations that Maxfield was *not* afforded a full and fair opportunity to litigate these claims below. In fact, the claims were extensively litigated before a magistrate on a pretrial motion to suppress. Exercising his responsibility for trial and appellate strategy, trial counsel did not renew the motion to suppress before the district court and did not appeal the denial of the motion. We hold *infra* that these decisions did not constitute ineffective or inadequate assistance of counsel. Maxfield's claims, therefore, will not be afforded a hearing upon a petition for post-conviction relief. *Cf. Stone v. Powell, supra,* (defendants who have been afforded the *opportunity* for the full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence at trial and on direct review in state courts, may *not* invoke their claim again on federal habeas corpus review). We hold that the failure of the district court to make findings and state conclusions on every claim raised by Maxfield does not require reversal.

### II

■■■■ The next issue we will discuss is Maxfield's general claim of ineffective assistance of counsel. The specific instances of ineffective assistance he alleges are: (1) counsel's failure to present a timely motion to suppress certain evidence; (2) his failure to present a pretrial motion attacking the constitutionality of I.C. § 54–1804; (3) his failure to obtain expert medical testimony to rebut one of the state's witness; (4) his failure to appeal *all* Maxfield's criminal convictions, instead appealing only the manslaughter conviction; and (5) counsel's inadequate advice regarding the persistent violator charge, leading to Maxfield's plea of guilty to that charge.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set out the standard and the test for adequate assistance of counsel. The standard or "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* 104 S.Ct. at 2064. The test for determining counsel's effectiveness "has two components. First, the defendant must show that counsel's performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong pre-

sumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* 104 S.Ct. at 2065–66 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). We have reviewed the entire record, including the transcript of the hearing on post-conviction relief, and have concluded that trial counsel's performance did not sink to the level identified by *Strickland* as ineffective or inadequate under the sixth amendment to the United States Constitution.

First, Maxfield's hired counsel moved to suppress the evidence before a magistrate prior to trial. The motion was denied. The hired counsel withdrew when Maxfield ran out of money and counsel from the public defender's office was appointed. This new counsel failed to renew the suppression motion before the district court until the time for doing so had passed. In fact the motion was only filed at all, in the words of the district judge, "to appease Mr. Maxfield." The fact that one attorney moves, unsuccessfully, to suppress evidence does not mean that another attorney is ineffective when he fails to renew that motion. *See United States v. Brown,* 663 F.2d 229 (D.C.Cir.1981). Furthermore, even if Maxfield's trial counsel was deficient in failing to move to suppress, and we do not decide this question, the error must also be prejudicial. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 104 S.Ct. at 2068. The arguments and the record made on this suppression issue generate little doubt that Maxfield's motion to suppress would have failed in the district court, as it did before the magistrate. Our confidence in the outcome of the motion has not been undermined by the alleged error of trial counsel.

Second, we do not believe counsel's failure to challenge the constitutionality of I.C. § 54–1804 amounted to ineffective assistance. As we discussed above, the constitutionality of this statute is well-settled. Counsel is not ineffective for failing to raise an issue upon which he could not succeed. *See People v. Miller,* 85 Cal. App.3d 194, 149 Cal.Rptr. 204 (1978), *cert. denied,* 441 U.S. 925, 99 S.Ct. 2037, 60 L.Ed.2d 399 (1979). Third, the evidence at the hearing was sufficient to demonstrate that counsel's failure to call certain expert medical witnesses to rebut a state witness was due to a conscious trial strategy. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight … and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington,* 104 S.Ct. at 2065. We are satisfied that counsel was not inadequate or ineffective in making this decision. *See, e.g., Hindman v. Wyrick,* 702 F.2d 148 (8th Cir.1983). Fourth, although there is a split of authority, *see* Annot., 15 A.L.R.4th 582, at § 3 (1982), most courts have held that counsel is not ineffective or inadequate simply because he fails to appeal every possible claim. Counsel, for example, need not raise "patently frivolous claims on appeal." *See People v. Miller, supra.* In addition, counsel is permitted to exercise his judgment regarding strategy and tactics on appeal as well as at trial. *See Rook v. Cupp,* 18 Or.App. 608, 526 P.2d 605 (1974). Here, counsel's decision to appeal only Maxfield's involuntary manslaughter conviction did not amount to ineffective assistance of counsel.

We now turn to Maxfield's contention that he was ineffectively and inadequately represented in regard to his guilty plea to the charge of being a persistent violator, I.C. § 19–2514. Under the statute, a defendant is a persistent violator, subject to a possible sentence enhancement, when he is convicted of a felony for the third time. It is undisputed that Max-

field fits into this class. He, however, argues that one of his two previous felony convictions, a 1969 conviction in the State of Washington, was constitutionally defective and thus subject to collateral attack.[1] He alleges his trial counsel failed to explain this to him before, on his counsel's advice, he pled guilty to being a persistent violator. A valid guilty plea, of course, waives all nonjurisdictional defects, whether constitutional or statutory. *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). The degree to which counsel advised Maxfield on the elements of this charge is the subject of contradictory evidence. Counsel related that extensive, if not exhaustive, discussions were held with Maxfield regarding his prior convictions and the requirements of I.C. § 19–2514. Maxfield, on the other hand, recalls only a cursory discussion just before the jury returned with its verdicts on the underlying charges. As noted above the burden is upon Maxfield to show that his counsel was deficient. *See Strickland v. Washington, supra.* This he has failed to do. No other grounds having been advanced for the proposition that his guilty plea was involuntarily or unknowingly entered, it is clear the plea was valid. The state was thus relieved of the burden of proving beyond a reasonable doubt two valid prior felony convictions, therefore Maxfield cannot complain of lack of proof. We hold that Maxfield had the effective assistance of counsel when he entered his plea of guilty to the persistent violator charge.

Having examined all claims of error raised by Maxfield from the denial of his petitions for post-conviction relief, we find no error justifying a reversal. The orders of the district courts denying the petitions are hereby affirmed.

WALTERS, C.J., and BURNETT, J., concur.

1. This conviction, for illegally performing an abortion, was never appealed and has never been set aside. Maxfield's testimony as to what occurred when he pled guilty to this felony charge does not allege facts sufficient to invalidate his guilty plea or the conviction itself.