861 P.2d 1261

**Gregory Joseph NELSON,
Petitioner–Appellant.**

v.

**STATE of Idaho, Respondent.**

**No. 20441.**

Court of Appeals of Idaho.

Oct. 22, 1993.

G. LaMarr Kofoed, Fruitland, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

This is an appeal from the denial of Gregory Nelson's application for post-conviction relief following an evidentiary hearing. In ruling on the application, the district court held that Nelson had not met his burden of proof as to the allegations made in his application and had failed to state a

claim which entitled him to relief. We affirm.

In 1987, Gregory Nelson was convicted of possession of more than three ounces of marijuana. He received a unified sentence of three years, with a minimum term of confinement of one year, which was suspended. He was placed on three years' probation. After several reported violations, the probation was revoked, and Nelson appealed from the revocation order executing the previously suspended sentence. In that appeal, Nelson claimed ineffective assistance of counsel due to communication problems with, and animosity between, Nelson and his counsel. This Court affirmed the revocation order in an unpublished opinion dated December 3, 1992.

In July 1992, Nelson filed an application for post-conviction relief, raising new claims of ineffective assistance of counsel and a claim that his motion to suppress, filed prior to trial, had been erroneously denied. A hearing on Nelson's application was held at which Nelson and his trial counsel testified. At the close of Nelson's case, the state called no witnesses but moved the court to dismiss Nelson's application. In its findings and conclusions, the district court granted the state's motion to dismiss with regard to the allegations of counsel's ineffectiveness in refusing to call certain witnesses and in advising Nelson not to testify at trial. The court thereafter entered judgment denying relief on all of the additional claims of the post-conviction application. Nelson appeals.

■ In a post-conviction relief hearing, the petitioner has the burden of proving the allegations which entitle him to relief by a preponderance of the evidence. *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969); *Larkin v. State,* 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing, the district court's decision will not be disturbed on appeal. *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). Be-

cause post-conviction relief proceedings are civil in nature, findings of fact by the court will not be set aside on appeal unless clearly erroneous. *Id.* at 313, 659 P.2d at 984; I.R.C.P. 52(a).

■ We begin by addressing Nelson's contention that he was entitled to post-conviction relief because the search of his vehicle, conducted after his arrest for driving without privileges, was in violation of his constitutional rights. Nelson argues that the marijuana, discovered in a brown paper sack in the passenger compartment of his vehicle, should have been suppressed upon his motion. He also argues that this appeal is his first opportunity to challenge the ruling on the suppression motion because no direct appeal was taken from the judgment of conviction.

This same issue was squarely resolved in *Maxfield v. State,* 108 Idaho 493, 700 P.2d 115 (Ct.App.1985), where this Court held:

We have noted that the remedy of post-conviction relief is not a substitute for appeal. *See* I.C. § 19–4901(b); *Dionne v. State,* [766 P.2d 1181 (1989),] *supra.* The failure to suppress evidence allegedly illegally seized is not fundamental error which may be cured in a post-conviction relief proceeding even though the error could have been, but was not raised on direct appeal.

*Id.* at 500, 700 P.2d at 122. Nelson's motion to suppress was heard by the district court, and no appeal from the denial of the motion was taken following the conviction. We reject as a ground for post-conviction relief Nelson's claim that his original conviction was obtained through an illegal search. Accordingly, we will not now reverse the denial of his application for post-conviction relief on that ground.

Nelson next asserts that he was entitled to post-conviction relief based upon the ineffective assistance of counsel he had received at trial. He cites three instances of ineffective assistance: (1) counsel's failure to secure the testimony of witnesses identi-

fied by Nelson; (2) counsel's advice that Nelson should not take the stand; and (3) failure to file an appeal from the conviction.

■ The Supreme Court of the United States enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a two-pronged test for determining whether a defendant is denied effective assistance of counsel. In order to establish a violation of the constitutional guarantee to effective assistance of counsel, the defendant must show *both* deficient performance and resulting prejudice. *Gibson v. State,* 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986), *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show that counsel's performance was deficient, the applicant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *State v. Aragon,* 114 Idaho 758, 760 P.2d 1174 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for his attorney's deficient performance, the outcome of his trial would have been different. *Id.* We will not, on review, second-guess trial counsel's strategic or tactical decisions unless those decisions are made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. *Larkin, supra.*

■ At the evidentiary hearing on the post-conviction application, Nelson testified that there were two persons who had witnessed the search of his car on the night of his arrest outside a convenience store in Caldwell. One of these persons was a woman employee of the convenience store and the other, an acquaintance of Nelson's, was pumping gas at the island nearest the

store. Trial counsel, who also testified, confirmed that Nelson had given him the names of these persons who could serve as character witnesses. Counsel stated that he did not recall any discussion with Nelson to the effect that the witnesses had observed the search of Nelson's car, and in particular, the brown paper sack behind the driver's seat. Trial counsel explained that because he did not intend to put Nelson's character in issue at the trial, he determined not to call any of these witnesses.

■ The decision whether to call character witnesses is a strategic decision which ordinarily should not be second guessed on appeal. *Aragon v. State,* 114 Idaho 758, 763, 760 P.2d 1174, 1179 (1988). We conclude that the district court did not err in holding that Nelson failed to prove by a preponderance that counsel's decision not to call these witnesses fell outside the wide range of professional assistance, or sound trial strategy. *Russell v. State,* 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). To the extent that Nelson contends his attorney should have called the persons who witnessed the search of Nelson's car to testify at the suppression hearing, Nelson has failed to show any prejudice. Nelson presented no evidence as to what these individuals would have related about their observations of the search. Therefore, he has not shown that calling those witnesses would have affected the outcome of the suppression hearing or that he was prejudiced by counsel's failure to call them.[1] Accordingly, we uphold with the district court's finding that the proof was insufficient to entitle Nelson to relief on this claim.

■ Nelson also claims that his counsel's advice to him not to take the stand constituted ineffective assistance. He ar-

---

1. Even if we accept Nelson's unsubstantiated allegations that these witnesses would have established that the paper sack containing the marijuana was closed tight, so that the policeman searching the car could not have seen the marijuana without first opening up the bag, we fail to see how the testimony would have aided

Nelson. Police officers may search closed containers located in the passenger compartment of vehicles during a search incident to an arrest. *New York v. Belton,* 453 U.S. 454, 460–461, 101 S.Ct. 2860, 2864–2865, 69 L.Ed.2d 768 (1981); *State v. Shepherd,* 118 Idaho 121, 123, 795 P.2d 15, 17 (Ct.App.1990).

gues that his testimony could have brought out the facts of the "illegal search" and that the outcome in his case might have been different. After a review of the transcript of the evidentiary hearing, we are unpersuaded that the outcome would have been different. Both Nelson and his trial counsel agreed that had Nelson testified at his trial, he would have been asked whether he knew that the sack contained marijuana—to which he would have had to answer "yes." Counsel indicated that he would not have allowed Nelson to perjure himself and deny knowledge of the marijuana. Nor did counsel wish to allow Nelson to again testify to the discrepancies between his version and the officer's version of the search which previously had been considered by the court at the suppression hearing. Counsel finally determined that Nelson would not be a persuasive advocate for his case. We are satisfied that neither prong of the *Strickland* standard has been met by Nelson. We conclude that the advice given by trial counsel fell within the wide range of professional assistance, or sound trial strategy. We uphold the court's finding that the proof was insufficient to entitle Nelson to relief on this claim.

■ Nelson also claims that he was denied his right to effective assistance of counsel by the failure of his trial counsel to file an appeal from the judgment of conviction and sentence in his case. However, there was testimony from trial counsel, as well as the introduction of an exhibit (Retainer Agreement), at the evidentiary hearing on the post-conviction application showing that counsel's representation was not to extend to representation on appeal. Counsel acknowledged that Nelson wanted to appeal his conviction. Counsel testified that he had sent a letter to Nelson, through his parents, informing him that there was no high motivation to appeal because he had received only probation and a suspended sentence, that an appeal was not likely to succeed and that Nelson should "get somebody else to do it." Even if we accept

that Nelson had requested that an appeal be filed, Nelson did not establish that the attorney had been retained by him, or his family, to pursue an appeal.

The district court found that Nelson did not sustain his burden of proof of prejudice resulting from counsel's failure to file an appeal, thereby ending the district court's inquiry under *Strickland, supra.* Apparently, Nelson did not elect to retain other counsel, request a public defender or file an appeal pro se. Based on the record in this case, trial counsel's failure to file an appeal, when he was not retained or requested to do so, did not constitute a showing of ineffective assistance. *Compare Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989) (after being invited to contact attorney with instructions, Davis failed to advise attorney to file appeal). We hold that the finding of no prejudice by the district court is supported by competent and substantial evidence.

■ Finally, Nelson asserts that it was error for the trial court to deny Nelson's motion for preparation of a trial transcript at the state's expense. Nelson has not shown how the contents of a trial transcript would have been relevant to any claim presented by his application for post-conviction relief. Therefore, the district court correctly denied the motion.

In conclusion, we affirm the district court's order denying post-conviction relief on Nelson's claim relating to his motion to suppress and his various allegations of ineffective assistance of counsel.

WALTERS, C.J., and LANSING, J., concur.