IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38746

| JOSEPH COLON, | ) | 2012 Unpublished Opinion No. 600 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael R. McLaughlin, District Judge.

Judgment denying post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.
_____

LANSING, Judge

Joseph Colon appeals from the district court's judgment dismissing his petition for post-conviction relief following an evidentiary hearing.  He contends that the case must be remanded because the court did not rule on one of his claims.  We affirm.

## I.

## BACKGROUND

Colon was convicted of two counts of lewd conduct with a minor under sixteen.  He thereafter filed a petition for post-conviction relief asserting numerous claims.  The State filed an answer and a motion for summary dismissal.  Counsel was appointed to represent Colon, and an amended petition was filed which again alleged several claims of ineffective assistance of counsel.  Paragraph 6 of the amended petition alleged that defense counsel was ineffective for failing to file an appeal from Colon's judgment of conviction despite Colon's request that he do

1

so. All of the other claims of ineffective assistance were contained in subparagraphs (a) through (f) of paragraph 7 of the amended petition.

After the State answered the amended petition, the court conducted a hearing on the State's motion for summary dismissal. At the hearing, Colon presented argument on each of the claims, including his paragraph 6 claim that his attorney failed to file an appeal. The court thereafter granted the State's motion for summary dismissal as to the allegations in paragraphs 7(a), 7(b), 7(e), and 7(f), but specifically ordered that the claims alleged in paragraphs 7(c) and 7(d) could proceed to an evidentiary hearing. The district court's order did not mention the claim in paragraph 6 regarding defense counsel's failure to appeal upon Colon's request.

At the subsequent evidentiary hearing, Colon presented evidence about the claims alleged in paragraphs 7(c) and 7(d) but did not mention his allegation that his defense attorney was deficient for not following Colon's direction to appeal. At the conclusion of the evidentiary hearing, the district court dismissed the petition in its entirety.

Colon appeals, contending that the district court erred by failing to rule on the claim in paragraph 6 of Colon's amended petition relating to defense counsel's failure to file an appeal, and Colon maintains that the case must be remanded for further proceedings on that claim.

## II.

## ANALYSIS

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Bradley v. State*, 151 Idaho 629, 631, 262 P.3d 272, 274 (Ct. App. 2011).

Colon argues that the claim in paragraph 6 of the amended petition was not summarily dismissed because it was not referred to as being summarily dismissed in the court's order that partially granted the State's motion for summary dismissal, and that the claim was not disposed of pursuant to the evidentiary hearing because the court made no findings of fact and conclusions of law expressly related to that claim.

We cannot agree with Colon's contention that the district court has not ruled upon his paragraph 6 claim. It is true that the claim was not dismissed in the summary dismissal order,

nor specifically mentioned as one of the claims that was preserved for evidentiary hearing. However, since this claim was not summarily dismissed, it necessarily remained viable for resolution at the evidentiary hearing. After that hearing, the claim was dismissed. The order of dismissal entered following the evidentiary hearing states:

> This matter came fore [sic] the Court on March 11, 2011, for an evidentiary hearing, and the Court received evidence in this matter through exhibits, the record of the prior proceedings in the criminal case No. CR-FE-2001-971, as well as testimony of the petitioner and testimony of trial counsel Mr. Jeffrey McKinnie.
> The Court having evaluated each of Petitioner's claims, and in each instance having considered all evidence in a light most favorable to the petitioner, the Court finds that it is satisfied that the Petitioner is not entitled to post-conviction relief, and the Petition is hereby DISMISSED. I.C. 19-4907.
> IT IS SO ORDERED.

Thus, the district court did dismiss Colon's petition in its entirety, including the claim that his attorney was ineffective for failing to file an appeal.

It may well be that the claim in paragraph 6 of the amended petition was overlooked by the district court in ruling upon the motion for summary dismissal, but that oversight did not prevent Colon from pursuing the claim at his evidentiary hearing. Nothing in the summary dismissal order precluded Colon from presenting evidence on this claim at the evidentiary hearing, but if Colon had any doubt in that regard, he could have sought from the district court clarification of the summary dismissal order with respect to its effect on his paragraph 6 claim. Colon neither sought such clarification nor presented any evidence on the claim at the evidentiary hearing, and the claim was thereby abandoned.

Colon argues that the case nevertheless should be remanded for further proceedings in the district court because the court made no express findings regarding the claim in paragraph 6. Idaho Code § 19-4907(a) directs that a court in a post-conviction action "shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." The purpose for this requirement is to afford an appellate court an adequate basis upon which to review the district court's decision when a petition for post-conviction relief has been denied following an evidentiary hearing. *Davis v. State*, 116 Idaho 401, 405, 775 P.2d 1243, 1247 (Ct. App. 1989); *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct. App. 1985). However, as Colon acknowledges, the absence of express findings and conclusions may be disregarded by the appellate court where the record is clear and yields an obvious answer to the

relevant question. *Maxfield*, 108 Idaho at 497, 700 P.2d at 119. Therefore, a trial court's failure to make specific findings and conclusions does not necessarily require reversal. *Id.*

Here, the absence of findings on the paragraph 6 claim is not problematical and does not necessitate a remand because Colon presented no evidence on this claim at the evidentiary hearing upon which the trial court could have made any findings or conclusions. That is, Colon waived this claim of ineffective assistance by failing to present evidence in support of the claim at the evidentiary hearing. There being no evidence upon which the court could have found in Colon's favor on this claim, the absence of such findings is not an impediment to appellate review.

Further, Idaho Rule of Civil Procedure 52(b) specifies that "no party may assign as error the lack of findings unless the party raised such issue to the trial court by an appropriate motion." Colon did not raise the issue of lack of findings to the district court, and therefore is barred from assigning this alleged deficiency as error for the first time on appeal.

For the foregoing reasons, the judgment of dismissal is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**