**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41558**

| | | |
|---|---|---|
| **JOSE DE JESUS QUEZADA,** | ) | **2014 Unpublished Opinion No. 846** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: December 4, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order denying petition for post-conviction relief, <u>reversed</u> and <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jose De Jesus Quezada appeals from the district court's order denying his petition for post-conviction relief, entered following an evidentiary hearing. For the reasons set forth below, we reverse and remand.

Quezada was charged with stalking in the first degree. Quezada entered a plea of not guilty, but later appeared before the district court, with counsel, at which point he withdrew his plea and entered an *Alford*[1] plea of guilty to an amended charge of burglary. At that time, the district court asked Quezada a number of questions, including whether he had "any psychological or mental problems which might have a bearing on [his] case," to which Quezada answered "No." The district court accepted Quezada's *Alford* plea. During the change of plea hearing, Quezada's counsel told the district court that Quezada's twin brother had recently been diagnosed with schizophrenia, that "there are indications of some mental health issues with

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

[Quezada's] behavior," and that Quezada's family believed "he was starting to have similar conduct to his brother." Quezada's counsel explained that he thought it would be helpful to have a mental health evaluation prior to sentencing. Quezada's counsel did not investigate whether Quezada was suffering from the symptoms of schizophrenia at the time he committed the alleged offense before negotiating the guilty plea and advising Quezada to accept it.

The district court ordered a mental health evaluation pursuant to I.C. § 19-2524. Shortly thereafter, a mental health clinician conducted the evaluation in which Quezada told the clinician that he had no history of violence or mental illness, but had injured himself two months earlier. Quezada told the clinician that he had uncontrolled thoughts about sex, war, and vulgar language and that he did not believe his thoughts were normal. Quezada also told the clinician that he believed his cellmates could read his thoughts. The clinician reported that Quezada "appeared distracted at times and had poor concentration. He would smile and laugh occasionally, looking down and distracted by his thoughts. He appeared to be responding to psychotic internal stimuli." The clinician also reported that Quezada "asked how he might be able to control or manage these thoughts so that they did not bother him." The clinician filed a report and diagnosed Quezada with schizophrenia of an undifferentiated type. The clinician's report was reviewed by a licensed psychologist, who explained that Quezada "was experiencing clear and active symptoms of schizophrenia" at the time of the evaluation. The psychologist clarified that Quezada's symptoms included "active hallucinatory experiences and fixed delusional beliefs related to the perception that others could hear his thoughts."

At sentencing, the state acknowledged that, at the preliminary hearing, it became apparent Quezada was likely suffering from mental illness and that the district court should consider Quezada's mental health as a mitigating circumstance. The district court sentenced Quezada to a unified term of eight years, with a minimum period of confinement of one year. Quezada filed an I.C.R. 35 motion for reduction of his sentence. The district court granted Quezada's Rule 35 motion, suspended the sentence, and placed him on probation for five years.

Quezada's verified petition for post-conviction relief asserted two claims which are relevant to our decision. Quezada claimed that he received ineffective assistance of counsel in connection with his *Alford* plea because counsel did not secure a competency determination pursuant to I.C. § 18-211 prior to entry of his plea. Quezada also claimed he received ineffective assistance of counsel in connection with his decision to enter an *Alford* plea when his attorney

2

failed to advise him that the symptoms of his schizophrenia may have provided a plausible defense that he lacked the requisite mental state to be guilty of either burglary or felony stalking.[2] The state filed a motion for summary dismissal, which the district court denied. An evidentiary hearing was held and Quezada's defense counsel testified that he requested a mental evaluation and argued for mental health court at sentencing. However, counsel testified that he believed Quezada understood the proceeding and preparation and gave no indication that he was incompetent. Counsel also testified that, while Quezada sometimes acted odd and laughed at inappropriate times, counsel had no reason to doubt Quezada's capacity. The clinician who had examined Quezada in connection with the mental health evaluation testified that Quezada's mental illness was a level where either out-patient or in-patient therapy may be appropriate. A psychologist testified that, although an individual may be mentally ill, he or she is not necessarily incompetent. Following the evidentiary hearing, the district court denied Quezada's petition for post-conviction relief. Quezada appeals.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho

---

[2] Quezada also asserted other grounds for post-conviction relief, which were not challenged on appeal--the district court erred in not ordering a competency hearing sua sponte, counsel was ineffective by not appealing the error, and Quezada's due process rights were violated by his conviction.

313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

On appeal, Quezada argues the district court erred in denying his petition for post-conviction relief. Specifically, Quezada asserts that he received ineffective assistance of counsel in connection with his decision to enter an *Alford* plea when his attorney failed to advise him that the symptoms of his schizophrenia may have provided a plausible defense that he lacked the requisite mental state to be guilty of either burglary or felony stalking. The evidentiary hearing focused exclusively on Quezada's competence. The district court, however, took judicial notice of the file, including the verified petition. In denying post-conviction relief, the district court addressed Quezada's mental capacity to enter a guilty plea but not the question of whether Quezada's counsel had been ineffective in failing to advise him prior to his plea. The district court determined that while Quezada likely suffered from schizophrenia, he was not incompetent and, therefore, counsel was not ineffective for not investigating Quezada's schizophrenia.[3] However, the district court did not make any specific findings of fact or conclusions of law as to Quezada's claim that his counsel was ineffective in failing to advise him that he might have a plausible defense at trial as to the requisite mental state required to be guilty of burglary or felony stalking. The Uniform Post-Conviction Relief Act, requires that the "court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." I.C. § 19-4907(a). The purpose behind this requirement is to afford the appellate

---

[3] The district court's determination that Quezada was competent to enter a guilty plea and that counsel was not ineffective for not requesting a competency determination pursuant to I.C. § 18-211 was not appealed.

4

court an adequate basis upon which to assess any appeal arising from the denial of an application for post-conviction relief. *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct. App. 1985). Without such findings of fact and conclusions of law, this Court is severely hampered in its assessment of an applicant's appeal. *State v. Morris*, 101 Idaho 120, 124, 609 P.2d 652, 656 (1980). However, failure to provide such a record does not necessarily require reversal. *Davis v. State*, 116 Idaho 401, 405, 775 P.2d 1243, 1247 (Ct. App. 1989). The absence of such findings of fact or conclusions of law can be disregarded if the record is clear and yields an obvious answer to the relevant questions raised on appeal. *Id.*

The district court did not make specific findings of fact, or state expressly its conclusions of law, relating to whether Quezada's counsel was ineffective for failing to advise Quezada of a potential defense. While there is ample evidence that Quezada suffered from schizophrenia when his plea was entered, his claim that counsel was ineffective for failing to advise him of plausible defenses based on that mental illness was not addressed by the district court at all. Here, the record does not yield a sufficiently obvious answer to justify addressing this question without remanding to the district court for adequate findings and conclusions on this claim. Therefore, the district court's order denying Quezada's petition for post-conviction relief is reversed and remanded for proceedings consistent with this opinion. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR**.