855 P.2d 886

**Marvin Dee HEDGER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 19820.

Court of Appeals of Idaho.

April 20, 1993.

Petition for Review Denied July 30, 1993.

Marvin Dee Hedger, pro se petitioner-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Marvin Hedger was convicted of rape, aggravated battery, robbery and second degree kidnapping following a jury trial. His convictions were affirmed in a direct appeal. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). In May, 1991, Hedger filed a petition for post-conviction relief alleging that his constitutional rights against double jeopardy and due process rights were violated at trial. The state

responded, filing an answer and motion for summary disposition. Counsel was appointed for Hedger and a hearing was conducted, after which the district court dismissed the petition on January 30, 1992. Hedger appealed. We affirm the order of dismissal.

The facts surrounding the convictions are set out fully in *Hedger*, 115 Idaho at 600, 768 P.2d at 1333. Briefly, in June, 1987, Hedger entered his ex-wife's house around midnight, raped her at knife point, forced her to drive them in her car to Jackpot, Nevada, threatened her, took money from her purse and eventually returned her to her home. The district court sentenced Hedger to concurrent sentences of: "fifteen to thirty years for rape; ten to twenty years for second degree kidnapping; ten to fifteen years for aggravated battery; and five to ten years for robbery." *Id.* at 604, 768 P.2d at 1337. In the direct appeal, the Supreme Court affirmed the convictions and sentences.

In his petition for post-conviction relief, Hedger alleges that he was entitled to relief from his convictions and punishment for aggravated battery and robbery because the convictions subjected him to double jeopardy. Hedger contends that he should be afforded relief from the convictions and punishment for aggravated battery and rape. He alleges that the key act constituting aggravated battery is an element of rape, and therefore aggravated battery is a lesser included offense of rape as charged in the information. His petition also alleges that the state failed to meet its burden of proof on the elements constituting the charged offenses. Hedger makes this argument on appeal as well.

■ In support of its motion for summary disposition, the state argued that the petition should be dismissed because the issues raised by Hedger should have been raised in the direct appeal. The state asserted that an amendment to I.C. § 19–4901(b) in 1986 precluded the district court from entertaining Hedger's petition for post-conviction relief.[1] Hedger responded that the application of I.C. § 19–4901(b) is a discretionary decision for the court. The cases cited by Hedger were all issued before the 1986 amendment to the statute.

The district court agreed with the state's argument in granting its motion to dismiss and stated that, because Hedger had not shown any reason or excuse for his failure to raise these issues on direct appeal nor a substantial doubt about the reliability of the guilt finding pursuant to I.C. § 19–4901(b), the court would not look at the issues raised in the petition. After the hearing, the district court issued an order dismissing the petition.

Summary disposition of a petition for post-conviction relief is proper "when it appears from the pleadings, depositions, answers to interrogatories, admissions and agreements of fact, together with any submitted affidavits, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gonzales v. State*, 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct.App.1991).

On appeal, the parties present essentially the same arguments they did below. With respect to the double jeopardy issue, Hedger contends that his convictions for aggravated battery and rape violate the federal constitutional prohibition against double jeopardy contained in the Fifth Amendment and made applicable to the states by the Fourteenth Amendment and a state statute which precludes double punishment for the same acts, I.C. § 18–301. *See Bates v. State*, 106 Idaho 395, 679 P.2d 672 (Ct.App. 1984) (acts constituting crime of assault with a deadly weapon [now aggravated assault] were same acts which formed basis of attempted rape).

---

1. Idaho Code § 19–4901(b) provides in part:
   Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.
   (As added by 1986 Idaho Sess.Laws Ch. 126, § 1, p. 327.)

The state contends that *Bates* is distinguishable because in *Bates,* there was no prior appeal as there was in this case. In *Bates* the state did not present the argument it does here, namely, that the petitioner has waived the opportunity to present the claims alleged in the petition. Moreover, the amended language to I.C. § 19–4901(b) was not added until after the opinion in *Bates* had been issued. We also note that the crimes in *Bates* are different from those in this case. The state primarily contends that the district court correctly based its decision on Hedger's failure to make a showing under I.C. § 19–4901(b) that the claims in the petition raised "a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier".

Even though the district court dismissed the petition, the court stated that it did not dispute that Hedger "at least nominally, [had] raise[d] fundamental issues." Apparently relying upon the court's statement that he may have raised fundamental issues, Hedger further asserts that post-conviction relief is available "to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment, even though the errors could have been raised on appeal." *Maxfield v. State* 108 Idaho 493, 499, 700 P.2d 115, 121 (Ct.App.1985) (quoting *Smith v. State,* 94 Idaho 469, 474–75, 491 P.2d 733, 738–39 (1971)).

Curiously, *Maxfield* and *Smith* are the cases Hedger cites in support for his claim for relief on the double jeopardy issue, however, in *Maxfield* an argument identical to Hedger's second claim for relief, that the state had failed to meet its burden of proof, was rejected. The language quoted in *Maxfield* does not support Hedger's argument. Although the Court in *Maxfield* quoted the above language from *Smith,* the portion of the opinion where the quote appears concludes that Maxfield was not able to raise the question of whether the state had met its burden of proof on two counts because the burden of proof question "could and should have been raised on direct appeal from Maxfield's convictions." *Maxfield,* 108 Idaho at 499, 700 P.2d at 121.

The *Smith* line of authority, however, is not exclusive. As stated by this Court, our Supreme Court has held that the doctrine of res judicata applies in post-conviction relief proceedings. *Baruth v. Gardner,* 110 Idaho 156, 160, 715 P.2d 369, 373 (Ct. App.1986) (citing *Kraft v. State,* 100 Idaho 671, 673, 603 P.2d 1005, 1007 (1979)). In *Baruth* we stated that it could be argued under *Kraft,* but not *Smith,* "that an issue which could have been raised on direct appeal, but was not, can not be addressed on a petition for post-conviction relief regardless of fundamental error." *Baruth,* 110 Idaho at 160, 715 P.2d at 373. We note that there exists even pre–1986 amendment case law to support the state's position, however, we do not base our decision on it.

Although he does not clearly present it as an argument or issue, Hedger, in his brief, alludes to his counsel's failure to raise the issues contained in his petition in the direct appeal. As the state points out, Hedger did not either allege any facts in his petition or attempt any factual showing in the district court supporting his appellate brief's implied assertion that appellate counsel's representation was deficient. Therefore, we will not address the issue. *See Reeves v. State,* 105 Idaho 844, 673 P.2d 444 (Ct.App.1983) ("A post-conviction applicant is required to show counsel's ineffectiveness and then to establish, by a preponderance of the evidence, that he was prejudiced by such ineffectiveness.").

■ The district court's finding that Hedger failed to make either of the two required showings under I.C. § 19–4901(b) was not erroneous. Consequently, we uphold the summary dismissal of Hedger's petition. *See McKinney v. State,* 115 Idaho 1125, 1126, 772 P.2d 1219, 1220 (1989), *cert. denied,* 497 U.S. 1031, 110 S.Ct. 3292, 111 L.Ed.2d 800 (1990), *rehearing denied,* 497 U.S. 1050, 111 S.Ct. 16, 111 L.Ed.2d 830 (1990). Hedger's assertion on appeal that his claims for post-conviction relief are based on "fundamental errors" does not preclude the application of I.C. § 19–

4901(b). We affirm the order dismissing the petition.

WALTERS, C.J., and SILAK, Acting J., concur.