**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42436**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 83** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 10, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **EMIL MERCADO,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Lynn G. Norton, District Judge.

Judgment of conviction for lewd conduct with a minor under sixteen, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.  Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

MELANSON, Chief Judge

Emil Mercado appeals from his judgment of conviction for lewd conduct with a minor under sixteen.  Mercado argues that the district court abused its discretion by allowing a victim witness coordinator to sit with the eleven-year-old victim while she testified at Mercado's trial. Mercado asserts that the district court's decision was improper because the presence of the victim witness coordinator improperly influenced the jury and deprived Mercado of a fair trial. For the reasons set forth below, we affirm

**I.**

**FACTS AND PROCEDURE**

Mercado was charged with committing a lewd act upon an eleven-year-old child.  At trial, the district court allowed the victim's mother, also a witness, to remain in the courtroom

1

during her daughter's testimony. The state requested that a victim witness coordinator be allowed to sit at the witness stand with the victim during her testimony, and Mercado objected. The district court overruled the objection and allowed the victim witness coordinator to sit with the victim. At the conclusion of the trial, the jury found Mercado guilty of lewd conduct with a minor under sixteen. I.C. § 18-1508. The district court imposed a unified sentence of twenty years, with a minimum term of confinement of three years. The district court suspended the sentence and placed Mercado on probation for twenty years. Mercado appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

### A.    Presence of the Victim Witness Coordinator

Mercado argues that the district court erred in allowing the victim witness coordinator to sit at the stand with the victim. The issue is controlled by I.C. § 19-3023. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho Code Section 19-3023 provides:

2

When a child is summoned as a witness in any hearing in any criminal matter, including any preliminary hearing, notwithstanding any other statutory provision, parents, a counselor, friend or other person having a supportive relationship with the child *shall be allowed* to remain in the courtroom at the witness stand with the child during the child's testimony *unless* in written findings made and entered, the court finds that the defendant's constitutional right to a fair trial will be unduly prejudiced.

(emphasis added). The plain and unambiguous language of the statute requires a trial court to allow a support person to sit at the witness stand if: (1) the witness is a child; (2) the support person is a parent, counselor, friend, or other person with a supportive relationship; and (3) the trial court does not make written findings that allowing the support person to accompany the child witness at the witness stand unduly prejudiced the defendant. In short, unless the trial court makes a written finding deciding to not allow a support person to sit with a child witness at the stand, the plain language provides that the support person "shall be allowed." Thus, in order to prevail, Mercado must demonstrate that the district court did not properly apply this legal standard or exercise reason when allowing the victim witness coordinator to sit with the victim in this case.

At trial, Mercado anticipated the state's request to allow a victim witness coordinator to sit with the victim during her testimony and objected.[1] The state argued that the victim witness coordinator should be allowed to sit with the victim because the victim was eleven years of age and entitled to have support while testifying. The district court, in addressing Mercado's objection, began by noting that Idaho law protects crime victims and that minor victims have a right to have a representative present in the courtroom. Having considered that the victim was eleven years of age and that during her testimony she would be confronted by Mercado for the first time since the preliminary hearing, the district court decided "to permit the victim witness coordinator to sit with the victim if that's what the victim would like during the testimony." The district court then acknowledged Mercado's confrontation rights under the United States Constitution and specified that the victim witness coordinator would be seated in such a way as to obstruct neither Mercado's nor the jury's view during the victim's testimony. Accordingly,

---

[1]     We note that I.C. § 19-3023 does not impose a requirement that there must first be a request for a support person. Rather, the statute weighs the child's right to have such a person present against the prejudicial effect on the defendant.

the district court overruled Mercado's objection and permitted the victim witness coordinator to sit at the stand with the victim, finding that it was consistent with the intent of the governing statute and was permissible in this case.

Turning to the merits, we look to see if the district court properly applied the statutory requirements of I.C. § 19-3023. The victim was eleven years of age and was called as a witness in a criminal proceeding. The state requested that a victim witness coordinator be permitted to sit with the victim as a support person. While the district court did not expressly make a finding that this particular person had a supportive relationship with the victim within the meaning of I.C. § 19-3023, the record supports that such a relationship existed here for two reasons. First, the very purpose of a victim witness coordinator is to provide support to victims of crimes throughout the process. Second, we infer from the record that the victim witness coordinator had the requisite supportive relationship with the victim.

Finally, the district court made no written findings that the arrangement would unduly prejudice Mercado. The district court seemingly considered the prejudicial effect of allowing the victim witness coordinator to sit with the victim. It recognized Mercado's right to confrontation and took steps to mitigate any undue prejudicial effect on Mercado by positioning the victim witness coordinator so that she would block neither Mercado's view of the victim or pose a distraction for the jury. Therefore, after considering the circumstances of this case and the requirements of I.C. § 19-3023, we hold that the district court did not abuse its discretion when it allowed the victim witness coordinator to accompany the victim at the witness stand while she was testifying.

## B.  Mercado's Objection at Trial

Next we address Mercado's objection as it relates to the state's request to allow the victim witness coordinator to sit with the victim at the witness stand. Specifically, Mercado stated:

> Your, honor, I think the state was going to ask to have the victim witness coordinator sit with her witness. I would object to that. I believe Mom and Dad are going to be in the courtroom for support. I think any other person sitting next to the witness would not be proper, so I'd object to that.

Mercado did not to offer any further argument as to why allowing the victim witness coordinator was inappropriate in this case. Mercado's objection is broad. Mercado seems to object to

allowing the victim witness coordinator to sit with the victim during her testimony because her parents would be in the courtroom. Indeed, the district court had previously granted the state's request that the mother, a witness in the case, be allowed to remain in the courtroom as a representative of the victim because she was a minor. The district court then permitted the state's additional request to allow the victim witness coordinator to sit with the victim as she testified. The scope of I.C. § 19-3023 is limited to support persons that shall be allowed at the witness stand, specifically, and does not address those who are allowed in the courtroom, generally. The victim witness coordinator was permitted to sit with the victim at the witness stand while the parents were only permitted to be in the courtroom. Therefore, I.C. § 19-3023 only applies to the victim witness coordinator, not the parents. Mercado has not shown that the requirement in I.C. § 19-3023 is somehow limited when the district court has permitted a parent to remain in the courtroom.[2] Therefore, we hold that the district court did not err by permitting the parents to remain in the courtroom while also allowing the victim witness coordinator to sit with the victim at the witness stand.

## C.    Relevant Factors Test

On appeal, Mercado contends that I.C. § 19-3023 fails to articulate how the trial courts are to balance the relevant interests and that, because the relevant factors were not evaluated in his case, it constitutes reversible error. Mercado urges this Court to impose additional review requirements on trial courts when they consider whether to allow a support person to sit with a child witness. Specifically, he argues that trial courts should be required to make findings that the child witness has some substantial and case-specific need, based on the consideration of multiple factors, to determine whether there would be undue prejudice placed on the defendant if the support person was permitted to sit with the child witness. The state argues that this issue was not preserved below. Assuming without deciding that Mercado's broad objection did preserve this argument for appeal, such a multifactor test does not exist in Idaho and we decline

---

[2]    Under these facts, there is no abuse of discretion when a district court allows a parent to remain in the courtroom when his or her child is testifying in a criminal proceeding. Moreover, other authority supports the district court's actions. *See, e.g.*, I.R.E. 615(c) (stating that when a child is summoned as a witness in any hearing in any criminal matter, including any preliminary hearing, parents, a counselor, friend or other person having a supportive relationship with the child may, in the discretion of the court, remain in the courtroom during the child's testimony).

Mercado's invitation to impose such a test now. As we have noted, I.C. § 19-3023 is unambiguous and establishes an uncomplicated rule for trial courts to evaluate and apply as the circumstances of a case necessitate. The trial courts are well equipped and are in the best position to make these determinations within the context of a given case.

## D.     Cautionary Instructions

Mercado raises additional arguments on appeal. First, Mercado argues that the district court erred by failing to give a cautionary instruction to the jury that it should not give the victim's testimony any more or less weight as a result of the victim witness coordinator's presence at the witness stand. Second, he argues that the district court erred in failing to give a cautionary instruction to the victim witness coordinator about making any physical reactions during the child witness's testimony. The state argues that these issues were not properly preserved for appeal.

Assuming without deciding that Mercado properly preserved these arguments for appeal, Mercado has failed to meet his burden. First, as to Mercado's argument that the district court erred by failing to give a cautionary instruction to the jury, Mercado has failed to show that he requested a cautionary jury instruction related to the presence of a victim witness coordinator during the trial. Idaho Criminal Rule 30(b) provides that "no party may assign as error the giving of or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the instruction to which the party objects and the grounds of the objection." Because no instruction was requested in this case, we therefore hold that Mercado has failed to show that the district court erred by failing to give a cautionary jury instruction.

Second, Mercado argues that the district court erred in failing to give cautionary instructions to the victim witness coordinator. Mercado has failed to show that such an instruction was requested. Moreover, Mercado provides no authority beyond mere assertion that imposes such a requirement on the district court or that failing to give such an instruction constitutes error. Although it may be advisable to give such an instruction, Mercado has failed to show that the victim witness coordinator did anything improper while at the stand during the victim's testimony and therefore Mercado cannot show prejudice. Accordingly, we hold that

6

Mercado has failed to show that the district court erred in failing to give a cautionary instruction to the victim witness coordinator.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it allowed the victim witness coordinator to accompany the victim at the stand while she was testifying. Neither did the district court err by permitting the parents to remain in the courtroom while also allowing the victim witness coordinator to sit with the victim. Further, we decline to impose a new multifactor test requirement on trial courts when they apply I.C. § 19-3023. Finally, Mercado has failed to show that the district court erred in failing to give cautionary instructions to the jury and the victim witness coordinator. Therefore, we hold that Mercado has failed to show that the district court abused its discretion in allowing the victim witness coordinator to accompany the victim at the witness stand during the victim's testimony at trial. Accordingly, we affirm Mercado's judgment of conviction for lewd conduct with a minor under sixteen.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.