# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45683

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 21, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| ELIJAH Z. NUSS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara Buchanan, District Judge.

Judgment of conviction for lewd conduct with a minor under sixteen, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Elijah Z. Nuss appeals from his judgment of conviction for lewd conduct with a minor child under the age of sixteen. Nuss argues that the district court abused its discretion by allowing a "facility dog" and its handler in the courtroom during the victim's testimony. Nuss asserts their presence was prejudicial and deprived him of a fair trial. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, the State charged Nuss under Idaho Code § 18-1508 with one felony count of committing a lewd act on a fourteen-year-old child. At the time of trial, the victim was sixteen

1

years old.  Before trial, the district court informed the parties that it would allow a "facility dog"[1] to be present during the victim's testimony pursuant to I.C. § 19-3023.  Nuss objected, arguing that the facility dog's "mere presence" or "knowledge" of the dog would be prejudicial and that the facility dog would make the victim appear "more vulnerable" and would give her testimony "more credence and emotionality."

The district court overruled the objection.  It noted the potential for prejudice, however, and its intent to make the facility dog's presence "as low key as possible."  Further, the district court stated its plan to excuse the jury from the courtroom for purposes of moving the facility dog in and out of the courtroom.

Before trial, the district court instructed the jury about the possible presence of a facility dog and to disregard its presence.  During a recess before the victim took the stand, the facility dog's handler situated the facility dog under the witness's seat and took a seat behind the witness stand.  At that point, Nuss objected to the handler's presence as prejudicial.  The district court overruled the objection, noting the handler's sole purpose was to deal with the facility dog if there were any issues.

The victim then testified.  During a recess in this testimony, the district court informed the parties that it intended to allow the handler to walk the facility dog out of the courtroom in the jury's presence to avoid the disruption of another recess.  Nuss did not object, and after the victim's testimony, the district court excused the handler, whom he identified for the jury at that time as the facility dog's trainer.  At the conclusion of trial, the jury found Nuss guilty, and he timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the district court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached

---

[1]     A facility dog "means a dog that is a graduate of an assistance dog organization that is a member of assistance dogs international or a similar internationally recognized organization whose main purpose is to grant accreditation to assistance dog organizations based on standards of excellence in all areas of assistance dog acquisition, training and placement."  Idaho Code § 19-3023(3).

2

its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the statute's language is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The statute's language is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

### III.

### ANALYSIS

Nuss challenges the district court's decision to allow a facility dog and its handler at the witness stand with the victim. He argues the presence of both the facility dog and its handler was prejudicial and that the district court failed to mitigate this prejudice. We disagree.

Whether a facility dog is allowed in the courtroom when a minor testifies is controlled by I.C. § 19-3023. In 2017, the legislature amended this statute to include a facility dog as support for a child witness. At the time of Nuss's trial, the statute provided in relevant part:

> When a child is summoned as a witness in any hearing in any criminal matter . . . parents, a counselor, friend or other person having a supportive relationship with the child, or a facility dog, shall be allowed to remain in the courtroom at the witness stand with the child during the child's testimony unless in written findings made and entered, the court finds that the defendant's constitutional right to a fair trial will be unduly prejudiced.

I.C. § 19-3023(1).

3

This Court in *State v. Mercado*, 159 Idaho 656, 365 P.3d 412 (Ct. App. 2015), addressed a claim that the district court erred in allowing a victim witness coordinator to sit with the victim at the stand pursuant to I.C. § 19-3023. *Mercado*, 159 Idaho at 658, 365 P.3d at 414. In that case, this Court concluded the statute's plain and unambiguous language requires the district court to allow a support person to sit at the witness stand if: (1) the witness is a child; (2) the support person has a supportive relationship with the child; and (3) the district court does not make written findings of undue prejudice. *Id.* Further, the Court concluded that "I.C. § 19-3023 is unambiguous and establishes an uncomplicated rule for trial courts to evaluate and apply as the circumstances of the case necessitate." *Mercado*, 159 at 660, 365 P.3d at 416. It declined to adopt a "new multifactor test" for the statute's application. *Id.* at 661, 365 P.3d at 417. Accordingly, the Court concluded that to prevail on a challenge to a support person's presence, the defendant "must demonstrate that the district court did not properly apply [the] legal standard or exercise reason" when allowing a support person to sit with the victim. *Id.* at 659, 365 P.3d at 415.

*Mercado* was decided before the 2017 amendment to include a facility dog as support. The statute's addition of a facility dog, however, does not undermine *Mercado*'s application to this case. The reasoning and analysis in *Mercado* remain sound. The only distinction is that there is no requirement that the facility dog have a "supportive relationship" with the child. Because the legislature inserted the phrase "or a facility dog" after the requirement of a "supportive relationship," we conclude any "relationship" or prior familiarity between the facility dog and the child is unnecessary to allow the facility dog's presence. Thus, the statute's plain language requires the facility dog's presence if: (1) the witness is a child and (2) the district court does not make written findings of undue prejudice.

Idaho Code § 19-3023 does not have a specific provision for the presence of the facility dog's handler, whose presence Nuss challenges in this case. We conclude that the statutory provision for the facility dog's presence necessarily includes the presence of its handler. The statute's purpose is to create a more calming, supportive environment for the child while testifying. Obviously, the child cannot act as the handler. Further, to assume that a facility dog (albeit very well-trained) could perform its function without the aid of its handler is unreasonable. Accordingly, we conclude that I.C. § 19-3023 requires the district court to allow

the presence of both a facility dog and its handler during a child's testimony, absent written findings of undue prejudice.

We are not persuaded by Nuss's argument that the facility dog and its handler prejudiced Nuss's constitutional right to a fair trial. Nuss argues the district court should have made written findings that he would be unduly prejudiced by their presence. In support, Nuss merely echoes his trial counsel's pretrial argument that the presence of a facility dog would make the victim "appear more vulnerable" and give her "testimony more credence and emotionality." There is no indication, however, that the facility dog's presence actually caused this prejudice. For example, there is no record the facility dog was disruptive, distracted either the witness or the jury, or otherwise behaved inappropriately. Absent such a record, we cannot conclude the district court abused its discretion by allowing the facility dog's presence.

Likewise, there is no record the handler's presence actually caused Nuss any prejudice. As with the facility dog, there is no record of disruption or distraction. In support of Nuss's claim that he was prejudiced by the handler's presence, Nuss contends "the district court even acknowledged it could be more problematic having a support person present." What the district court actually said is that "sometimes it can be much more problematic [than the facility dog's presence] when you have a family member or someone providing support [who] has a hard time controlling their facial expressions and those kinds of things." There is no record that the handler had difficulty controlling her facial expressions or was otherwise influencing the witness. For that reason, Nuss's argument that the handler could have added credibility to the victim's testimony is without merit. The handler was not present to support the victim; the handler was there to control the facility dog. Allowing the handler to be present for this purpose and positioning her behind the witness stand, as the district court did, was not an abuse of discretion.

To the extent the mere presence of the facility dog and its handler posed prejudice, as Nuss argues, the district court appropriately addressed that potential. It instructed the jury pretrial:

> I will allow the presence of a facility dog in the courtroom during the testimony of one o[r] more of the witnesses in the case. You may or may not see the dog.
> You are to disregard the presence of the facility dog. You are to draw no inference for or against any witness using a facility dog. You are to attach no significance whatsoever to the presence of the dog. The dog being with the

5

witness is merely a tool that I have decided to use to promote a more calming supportive setting for the witness.

Nuss challenges this instruction as inadequate because it did not include any reference to the facility dog's handler. While the instruction may have more appropriately included a reference to the handler, the district court instructed the jury during trial about the handler's purpose. Taken together, the district court's instructions were appropriate, and we presume the jury followed them. *See State v. Carson*, 151 Idaho 713, 718, 264 P.3d 54, 59 (2011) (presuming jury followed instructions absent indication otherwise).

Nuss also criticizes the district court for allowing the facility dog to exit the courtroom in the jury's presence. Nuss complains the district court originally proposed pretrial that the facility dog would exit the courtroom during a recess but then later announced its intention to permit the facility dog to exist in the jury's presence to avoid another recess. On appeal, Nuss states this procedure failed "to mitigate the prejudice" of the facility dog. Nuss, however, never objected to the district court's decision to allow the facility dog's exit in the jury's presence. Regardless, the district court did not err. *See State v. Adamcik*, 152 Idaho 445, 473, 272 P.3d 417, 445 (2012) (concluding error is necessary for application of fundamental error doctrine.) The trial court has discretion to control the presentation of evidence, which should be done so as to avoid wasting time. *See* Idaho Rule of Evidence 611.

## IV.

## CONCLUSION

The district court did not abuse its discretion by allowing the facility dog, along with its handler, to accompany the victim at the witness stand during her testimony. Idaho Code § 19-3023 required their presence, which did not unduly prejudice Nuss. Accordingly, we affirm the judgment of conviction.

Judge HUSKEY and Judge LORELLO **CONCUR**.