**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48509**

| | |
|---|---|
| ELIJAH ZACHARIAH NUSS, | ) |
| | ) **Filed: September 21, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara Buchanan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Elijah Zachariah Nuss, Eloy, Arizona, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Elijah Zachariah Nuss appeals pro se from the district court's summary dismissal of his petition for post-conviction relief. Nuss contends the court erred in dismissing his claims of prosecutorial misconduct and of ineffective assistance of trial and appellate counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, the State charged Nuss under Idaho Code § 18-1508 with one felony count of committing a lewd act on a fourteen-year-old child. The case proceeded to trial, and the district court allowed a facility dog and its handler to be present during the victim's testimony pursuant to I.C. § 19-3023.[1] At the close of the State's case, Nuss moved for a judgment of acquittal under

_____

[1]     Idaho Code § 19-3023(1) provides:

1

Idaho Criminal Rule 29, asserting the State failed to present evidence sufficient to sustain a conviction. The court denied the motion, and the jury subsequently found Nuss guilty. Following trial, Nuss renewed his motion for acquittal under I.C.R. 29(c)(1). The court held a hearing and denied the motion.

Thereafter, Nuss directly appealed his conviction. *State v. Nuss*, 165 Idaho 400, 446 P.3d 458 (Ct. App. 2019). Nuss, who was represented by counsel, challenged the district court's decision to allow a facility dog and its handler at the witness stand with the victim, asserting that their presence was prejudicial and that the court failed to mitigate this prejudice. *Id.* at 402, 446 P.3d at 460. This Court rejected Nuss's arguments and affirmed the conviction. *Id.* at 404, 446 P.3d at 462.

Subsequently, Nuss filed a 165-page pro se petition for post-conviction relief asserting claims of prosecutorial misconduct and of ineffective assistance of trial and appellate counsel. Nuss did not submit any affidavits or evidence in support of his petition. The district court appointed Nuss counsel, who neither amended Nuss's petition nor submitted any additional filings in support. The State moved to dismiss Nuss's petition summarily, arguing that Nuss failed to meet the standard for establishing ineffective assistance of counsel and that he forfeited his remaining claims by failing to raise them on direct appeal. Nuss responded, arguing cumulative errors deprived him of a fair trial.

Following a hearing on the State's summary disposition motion, the district court entered a written memorandum decision granting the motion and dismissing Nuss's petition for post-conviction relief. The court construed Nuss's petition to include fifteen claims of ineffective assistance of trial counsel, two claims of ineffective assistance of appellate counsel, and five claims

---

When a child is summoned as a witness in any hearing in any criminal matter . . . parents, a counselor, friend or other person having a supportive relationship with the child, or a facility dog, shall be allowed to remain in the courtroom at the witness stand with the child during the child's testimony unless in written findings made and entered, the court finds that the defendant's constitutional right to a fair trial will be unduly prejudiced.

of prosecutorial misconduct.[2]  The court ruled that Nuss could have raised the prosecutorial misconduct claims on direct appeal and that by failing to do so he forfeited those claims. Regarding Nuss's ineffective assistance of counsel claims, the court ruled that Nuss failed to present any admissible evidence showing any genuine material factual issues of deficient performance or of prejudice and that Nuss's conclusory allegations failed to establish such factual issues.

Nuss timely appealed the district court's order dismissing his petition.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature.  I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992).  Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based.  *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).  A petition for post-conviction relief differs from a complaint in an ordinary civil action.  *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004).  A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1).  Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition.  I.C. § 19-4903.  In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.  *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and

---

[2]     The district court listed Nuss's numerous post-conviction claims in its memorandum decision.  On appeal, Nuss does not dispute this list.  Rather, he states the description "states, more or less, exactly what the claims brought by [him] are."

agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929

4

(2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

### A.      Prosecutorial Misconduct Claims

Nuss challenges the district court's summary dismissal of his prosecutorial misconduct claims.[3] The court concluded these claims could have been raised on direct appeal and dismissed them as forfeited under I.C. § 19-4901(b). This statute generally prohibits a petitioner from raising an issue for post-conviction relief if he could have raised that issue on direct appeal unless he can make a special showing. That showing requires "a substantial factual showing by affidavit, deposition, or otherwise" that the issue raises "a substantial doubt about the reliability of finding of guilt" and that the petitioner, in the exercise of due diligence, could not have presented the issue earlier. *Id.* This provision applies to prosecutorial misconduct claims, which could have been asserted on direct appeal, even if trial counsel did not object to the alleged misconduct at trial. As the Idaho Supreme Court held in *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010), Idaho appellate courts may reverse a conviction on direct appeal if a defendant demonstrates unobjected-to prosecutorial misconduct qualifies as fundamental error. *See also Grove v. State*, 161 Idaho 840, 851-52, 392 P.3d 18, 29-30 (Ct. App. 2017) (ruling I.C. § 19-4901(b) bars post-conviction claims of prosecutorial misconduct which could have been raised on direct appeal under fundamental error doctrine).

---

[3]      According to the district court, Nuss's prosecutorial misconduct claims include that the prosecutor in the underlying case committed misconduct through "a chain of prejudicial events" after the first preliminary hearing and "up to the prosecutor forum shopping"; by admitting evidence at trial which was not disclosed under Idaho Rule of Evidence 404(b); by making prejudicial statements throughout the State's case; by trying the State's case during voir dire; and by failing to disclose information under Idaho Rule of Civil Procedure 26(b)(4). This latter claim, relying on I.R.C.P. 26(b)(4), fails because that rule governs expert witness disclosures in civil cases and is not applicable in criminal cases. Similarly, Nuss's claims for ineffective assistance of counsel which rely on I.R.C.P. 26(b)(4) also fail for this reason. Even if, however, construed as alleged under the applicable rule for the disclosure of expert witnesses in criminal cases, Idaho Criminal Rule 16(b)(7), Nuss's claims still fail for the reasons discussed herein.

Relying on *Perry*, the district court in this case concluded that Nuss's "unobjected-to prosecutorial misconduct [claims] could have been raised [on direct] appeal as fundamental error" and that Nuss made "no substantial factual showing" under I.C. § 49-4901(b) for bringing the claims in post-conviction. On appeal, Nuss argues this ruling was clear error. He contends the court's conclusion that he could have raised these claims on direct appeal is "contradicted by [the] holding in *Maxfield v. State,* [108 Idaho 493, 700 P.2d 115 (Ct. App. 1985)]." As Nuss correctly notes, *Maxfield* states that post-conviction relief is available "to cure fundamental errors occurring at trial which affect either the jurisdiction of the court or the validity of the judgment, even though these errors could have been raised on appeal." *Id.* at 499, 700 P.2d at 121 (quotations omitted). *Maxfield*, however, was issued before the 1986 amendment to I.C. § 19-4901(b) to include language generally prohibiting a petitioner from raising post-conviction claims that could have been raised on direct appeal absent a special showing. *Hedger v. State*, 124 Idaho 49, 50-51, 855 P.2d 886, 887-88 (Ct. App. 1993) (noting amendment in 1986). As a result, *Maxfield* is no longer applicable authority.[4]

**B.    Ineffective Assistance of Trial and Appellate Counsel**

Nuss also challenges the district court's summary dismissal of his claims for ineffective assistance of trial and appellate counsel.[5] A claim of ineffective assistance of counsel may properly

---

[4]    Nuss also asserts that his appellate counsel on direct appeal "informed" Nuss that he "could not raise" his claims for prosecutorial misconduct on direct appeal and "told" him to raise them in post-conviction. This assertion suggests another claim of ineffective assistance of appellate counsel. Nuss, however, neither alleged in his petition for post-conviction relief that his appellate counsel incorrectly advised Nuss regarding his prosecutorial misconduct claims nor did he present any admissible evidence to establish a material issue of fact regarding such a claim. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (requiring admissible evidence establishing material factual issues of deficient performance and prejudice to avoid summary dismissal).

[5]    The district court identified Nuss's claims for ineffective assistance of trial counsel to include that counsel failed to object to the prosecutor's efforts to try the case during voir dire; to challenge the sufficiency of evidence at the second preliminary hearing; to object to the expert's qualifications; to disclose information under I.R.C.P. 26(b)(4); to object to the State giving "credence" to the expert; to object to the lack of motions or hearings regarding the facility dog; to ask the court to take judicial notice of the presence of the facility dog's handler; to object to the prosecutor asking the victim leading questions; to object to the victim's testimony because she spoke to seven different individuals about the case or to file a motion for acquittal on this basis; to

6

be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To avoid summary dismissal of an ineffective assistance of counsel claim, the petitioner must establish a genuine issue of material fact that the attorney's performance was deficient and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 117; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Similarly, this Court will not second-guess appellate counsel's tactical or strategic decisions. *Heilman v. State*, 158 Idaho 139, 145, 344 P.3d 919, 925 (Ct. App. 2015).

### 1. Deficient performance

In this case, the district court ruled that Nuss failed to establish any genuine material factual issues that his trial and appellate counsel performed deficiently. The court ruled that "no admissible evidence has been presented that raises a material issue of fact as to the competency of trial counsel"; Nuss's "mere conclusory allegations" of deficient performance "does not make it so"; and "the same is true for the claimed failures of appellate counsel." On appeal, Nuss does not dispute these rulings. Rather, he challenges the applicable standards for summary dismissal.

---

object to the court's off-the-record discussions about the jury's request to hear playback of the victim's testimony; to investigate allegations about a probable suspect; to object to proceedings stopping during cross-examination of a witness for the State; to object to evidence admitted contrary to I.R.E. 404(b); and to file a motion in limine under the excited utterance rule. The court identified Nuss's claims for ineffective assistance of appellate counsel to include that counsel failed to appeal the prosecutor's failure to disclose information under I.R.C.P. 26(b)(4) and the denial of his I.C.R. 29 motion for insufficient evidence.

For example, Nuss contends he is not required to present admissible evidence showing a genuine issue of material fact. *See* I.C. § 19-4906 (requiring petitioner to establish a genuine issue of material fact through "pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted" to avoid summary dismissal). In support of this contention, Nuss asserts that, "because his ineffective assistance of counsel claims address issues containing prosecutorial misconduct and statute/rule violations . . . that are contained in the criminal record, these issues cannot therefore be supported with evidence outside the record but by the record itself."

Further, regarding the rule that a court will not second-guess counsel's strategic and tactical decisions as a basis for post-conviction relief, Nuss argues:

> [T]his standard is not meant to create a vail [sic] for a court to hide behind an endlessly convenient assumption in order to ignore and justify dismissing completely valid claims of trial counsels [sic] failure to provide an effective representation of their clients [sic] fundamental and constitutional rights to a fair and just trial.

Nuss, however, offers no support or authority for the proposition that these and other well-established standards are inapplicable to his post-conviction case. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Having failed both to provide any supporting authority and to dispute the district court's rulings that he failed to establish genuine material factual issues of deficient performance, each of Nuss's claims for ineffective assistance of trial and appellate counsel fail.

### 2. Prejudice

Each of Nuss's claims of ineffective assistance of trial and appellate counsel also fail because Nuss did not establish a genuine material factual issue of prejudice. The district court ruled that, assuming Nuss's counsel performed deficiently, Nuss failed to establish a material factual issue that the alleged deficient performance prejudiced him. *See Aragon*, 114 Idaho at 761, 760 P.2d at 117 (noting establishing prejudice requires petitioner to show reasonable probability that outcome would have been different but for deficient performance). Nuss concedes on appeal that he did not attempt to show that, but for his counsels' alleged deficient performance, the outcome would have been different. Specifically, he acknowledges he "is not complaining here that effective representation of trial counsel means any guarantee that if counse [sic] had been

8

effective, [Nuss] would have been acquitted." Instead, Nuss again challenges the standards on which the court relied to conclude he failed to establish prejudice. Regarding prejudice, the court ruled:

> Nuss has presented no admissible evidence that raises a material issue of fact as to whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." In sum, no admissible evidence has been presented that raises a material issue of fact as to whether the outcome of the trial would have been different but for counsel's alleged failures.

(Citation omitted.) Challenging this language, Nuss argues the court's reference to "the difference between" concluding a trial "produced a just result" and "the outcome of the trial would have been different" is "stark."

Nuss's argument is without merit. The Idaho Supreme Court has previously used both the phrases the district court used to describe prejudice when describing a petitioner's burden of establishing prejudice:

> The second prong [of prejudice] requires a defendant to show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having *produced a just result*. We have recognized that this is a weighty burden for the defendant to carry. Indeed, a defendant must show a reasonable probability that *the trial's outcome would have been different* but for counsel's deficient performance. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Adams v. State*, 158 Idaho 530, 536-37, 348 P.3d 145, 151-52 (2015) (emphasis added; quotations and citations omitted). Accordingly, we reject Nuss's argument that "an outcome of a trial can be the same despite counsel's failures but not be, at the same time relied upon as having produced a just result" and his suggestion that he did not have to present admissible evidence of prejudice to avoid summary dismissal of his claims of ineffective assistance. Nuss's ineffective assistance of counsel claims fail because he failed to establish genuine issues of material fact of prejudice.

### 3. Ineffective assistance of counsel related to I.C.R. 29

The district court's rulings that Nuss failed to establish any material factual issues regarding deficient performance or prejudice support the court's summary dismissal of all of Nuss's claims of ineffective assistance of counsel. Nevertheless, the court summarily dismissed Nuss's ineffective assistance of counsel claims related to I.C.R. 29 for additional reasons, which Nuss challenges.

9

### a.    Trial counsel

The district court described Nuss's claims of ineffective assistance of trial counsel related to I.C.R. 29 as alleging counsel was ineffective for "not filing a motion of acquittal . . . when the victim testified that she spoke to at least 7 different individuals about the case prior to trial." The court noted that Nuss's counsel moved for judgment of acquittal under I.R.C. 29 "at the close of the State's case during the jury trial, on the grounds of insufficient evidence to sustain a conviction" and renewed that motion post-trial. As a result, the court concluded Nuss's claim "about trial counsel not filing a motion for acquittal is clearly disproven by the record."[6]

On appeal, Nuss does not challenge the district court's conclusion that the record shows trial counsel twice moved for a judgment of acquittal for insufficient evidence under I.C.R. 29. Instead, Nuss contends that the court "misinterpreted and misrepresented" his claim, which he contends is actually a claim for his counsel's failure to move for a mistrial based on prosecutorial misconduct under I.C.R. 29.1--not under I.C.R. 29.[7] Nuss acknowledges he did not cite I.C.R. 29.1 in his petition for post-conviction relief, but he identifies numerous allegations in the petition in which he references a motion for a mistrial. Even assuming Nuss's allegations state a claim based on his trial counsel's purported failure to move for an acquittal under I.C.R. 29.1, that claim fails because, as the court correctly ruled, Nuss failed to present any admissible evidence establishing genuine material factual issues of deficient performance and prejudice for any of his claims of ineffective assistance of counsel.

---

[6]    The State argues Nuss failed to present a sufficient appellate record for review of his claims of ineffective assistance of counsel related to I.C.R. 29 because Nuss did not include the underlying criminal record in the appellate record. Sometime after Nuss filed his amended notice of appeal, however, the Idaho Supreme Court took judicial notice of the clerk's record and transcripts in the underlying criminal case. After the State asserted in its response brief that this information was not in the appellate record, Nuss moved to augment the appellate record to include the underlying record, and this Court granted that motion.

[7]    Nuss's argument that his claim arose under I.C.R. 29.1 contradicts his acknowledgement on appeal that the district court described his post-conviction claims "more or less, exactly what the claims brought by [him] are."

### b. Appellate counsel

The district court described Nuss's claim of ineffective assistance of appellate counsel related to I.C.R. 29 as "failing to argue [the] sufficiency of evidence [under] I.C.R. 29" on appeal. The court noted that Nuss's amended notice of appeal identified as issues for appeal the denial of the motion for acquittal, the denial of the renewed motion, and insufficient evidence to support the conviction. The court found that Nuss had not presented "any admissible evidence showing that these issues were not raised or argued by appellate counsel." Nuss challenges this ruling, arguing that the notice of appeal "is not a guarantee, or proof, of what will be, or is, raised in the actual direct appeal."

Although Nuss is correct that appellate counsel is not bound to raise on appeal all the issues identified in the notice of appeal, that notice demonstrates the issues about which appellate counsel was aware and considered in preparing Nuss's appeal--including a possible challenge to the trial court's denial of his motion for acquittal under I.C.R. 29 for insufficient evidence. That Nuss's counsel was aware of this possible appellate challenge and did not raise it on appeal indicates that the decision not to raise the issue was a tactical, strategic decision that this Court will not second-guess on appeal. *See Heilman*, 158 Idaho at 145, 344 P.3d at 925 (noting appellate court will not second-guess appellant counsel's tactical, strategic decisions). An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy. *Id.* Moreover, Nuss failed to present any admissible evidence establishing a genuine issue of material fact of deficient performance or prejudice based on his appellate counsel's decision not to challenge the sufficiency of evidence on appeal.

## C. Claims Previously Addressed on Direct Appeal

Nuss also challenges the district court's ruling that "the previously adjudicated claims will not be considered." In support of this ruling, the court noted that this Court "directly addressed issues related to the presence of the facility dog and its handlers" on direct appeal. The district court further noted it was not required to consider issues already raised and decided on direct appeal. In support of this conclusion, the court relied on *Fairchild v. State*, 128 Idaho 311, 912

11

P.2d 679 (Ct. App. 1996). *Fairchild* provides that a petition for post-conviction relief "does not require the courts to consider again issues which were raised and decided on direct appeal. *Id.* at 316, 912 P.2d at 684.

Nuss challenges the district court's reliance on *Fairchild*. He argues that, although *Fairchild* states courts addressing post-conviction cases are not required to reconsider issues addressed on direct appeal, that does not mean a court "will not" reconsider those issues. Further, he argues that "using the words 'does not require' in place of 'will not' carries a different meaning and raises a question that, 'if' the court sees merit in reconsidering again an issue, then that court would have the authority and ability to reconsider the issue."

Contrary to Nuss's argument, the doctrine of res judicata "bars a subsequent action between the same parties upon the same claim that was already adjudicated in a valid final judgment on the merits" and "applies to post-conviction proceedings." *Johnson v. State*, 158 Idaho 852, 855, 353 P.3d 1086, 1089 (Ct. App. 2015). The doctrine applies when a petitioner attempts to raise the same claims addressed on direct appeal in a petition for post-conviction relief. *Knutsen*, 144 Idaho at 440, 163 P.3d at 229. Accordingly, this doctrine bars the district court's reconsideration of the claims this Court has already resolved in Nuss's direct appeal related to the presence of the facility dog and its handler during trial, and the district court did not err by declining to reconsider those claims.

Nuss also argues his claims alleging his trial counsel's failure to object to the lack of a motion or hearing regarding the facility dog's use and to request judicial notice of the dog handler's presence at the witness stand "raise independent claims of foundational and fundamental ineffectiveness of trial counsel." We agree with Nuss that his ineffective assistance of counsel claims are distinct from those claims he raised on direct appeal. Regardless, the district court did not err by summarily dismissing the claims because Nuss failed to present any admissible evidence creating material factual issues that the alleged conduct constituted deficient performance that prejudiced him.

## D.     Cumulative Error

Nuss argues the cumulative effect of the errors in his underlying criminal case deprived him of a fair trial. Under the cumulative error doctrine, a series of harmless errors when aggregated may show the absence of a fair trial. *Perry*, 150 Idaho at 230, 245 P.3d at 982. A necessary

predicate to the doctrine's application is a finding of more than one error. *Id.* Because Nuss failed to prove that more than one error occurred at trial, the cumulative error doctrine does not apply.

## IV.
## CONCLUSION

The district court did not err in summarily dismissing Nuss's petition for post-conviction relief. Accordingly, we affirm the judgment.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.